UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LYNDELL JOSEPH** | **CIVIL ACTION NO. 17-1636** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JACKSON PARISH CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Lyndell Joseph, an inmate at the Jackson Parish Correctional Center, filed the instant pro se and in forma pauperis Complaint on December 18, 2017. Proceeding under 42 U.S.C. § 1983, Plaintiff sets forth allegations against Defendants Kevin Kelly and Jackson Parish Correctional Center.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons, it is recommended that Plaintiff's claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**Background**

Plaintiff alleges that, while in a "lockdown" cell, Defendant Kevin Kelly instructed him to take of his "jumper" so that another individual could "see the marks on [his] back from when . . . Kelly tazed [him] weeks before." Kelly told him that if he did not take his clothes off he would "taze" him again. Plaintiff alleges further that he took his clothes off and Kelly told him that he had a "nice ass."

Plaintiff put his clothes back on and walked with Kelly "to the J dorm" where Kelly

"smack[ed]" Plaintiff. After Plaintiff stated that he would report Kelly's actions, Kelly "told the inmates in J dorm [that Plaintiff] was a rat."

Plaintiff asks the Court to terminate Kelly's employment and charge Kelly with sexual harassment. Plaintiff seeks $20,000.00 in damages.

## Law and Analysis

**1. Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint

fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Sexual Harassment**

Sexual abuse of a prisoner by prison officials may amount to cruel and unusual punishment in violation of the Eighth Amendment. *See Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). The sexual abuse or assault must be objectively and sufficiently serious: "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The prison officials involved must also have acted with deliberate indifference. *Id.* at 861; *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Copeland v. Nunan*, 2001 WL 274738, *2 (5th Cir.

Feb. 21, 2001).

"However, not every malevolent touching gives rise to a federal cause of action." *Copeland v. Nunan*, 250 F.3d 743 (5th Cir. 2001). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quotation marks and quoted source omitted). "Punishments incompatible with the evolving standards of decency that mark the progress of a maturing society or involv[ing] the unnecessary and wanton infliction of pain are repugnant to the Eighth Amendment." *Id.* at 10-11 (quotation marks and source omitted). Only "severe or repetitive" sexual abuse or harassment constitutes an Eighth Amendment violation. *Boddie*, 105 F.3d at 861.

Here, Plaintiff does not allege any injury or any sufficiently severe, repetitive, or repugnant abuse. Plaintiff alleges only that, on one occasion, Kelly forced him to remove his "jumper" in view of another individual, stated he had a "nice ass," and "smack[ed]" him. Plaintiff does not allege that Kelly's conduct is repetitive, and he does not allege the kind of "severe" abuse or wanton and sadistic infliction of pain necessary to violate the Eighth Amendment.

The single, brief instance of harassment and physical contact is not sufficiently serious or pervasive. See, e.g*., Boddie*, 105 F.3d at 861 (a small number of incidents of verbal harassment and touching were insufficient); *Copeland*, 2001 WL at *3 (inmate suffered unwanted touching); *Mitchell v. Miller-Roach*, 2011 WL 5865232, at *4 (N.D. Tex. Nov. 8, 2011) (allegations of sexual gestures and staring were insufficient); *Washington v. City of Shreveport*, 2006 WL

1778756, at *5 (W.D. La. June 26, 2006) (allegations that, over the course of four days, defendant fondled plaintiff's breast, touched her inner thigh, grabbed her wrist, verbally asked for sex, and made other sexual remarks were insufficient); *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (touching of inmate's buttocks did not violate the Eighth Amendment); *Buckely v. Dallas County*, 2000 WL 502845, *5 (N.D. Tex. April 27, 2000) (prison guards' fondling of inmate while conducting a routine search did not violate Eighth Amendment). As Plaintiff's allegations do not establish an Eighth Amendment violation, this claim should be dismissed.[1]

### 3. Harassing Language and Threats

Plaintiff alleges that Kelly threatened to "taze" him, informed other inmates that Plaintiff was a rat, and told Plaintiff he had a "nice ass." Verbal threats, without more, do not amount to a constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Further, allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under Section 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Plaintiff does not state a claim of constitutional dimension; thus, the claim should be dismissed.

### 4. Termination of Employment

Plaintiff asks the Court to terminate Kelly's employment. Federal courts, however, are not prison managers. Courts accord great deference to the internal administrative decisions of prison officials. *Brown v. Corr. Corp. of Am.*, 2015 U.S. Dist. LEXIS 136041 (W.D. La. Sept. 3,

---

[1] "[I]solated, unwanted touchings by prison employees, though despicable . . . may potentially be the basis of state tort actions . . . [but] they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." *Copeland*, 250 F.3d at 743 (citations omitted).

2015) (citing *Royal v. Clark*, 447 F.2d 501 (5th Cir. 1971); *Krist v. Smith*, 39 F.2d 146 (5th Cir. 1971); *Haggerty v. Wainwright*, 427 F.2d 1137 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Id.* (citing *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Here, therefore, Plaintiff's request should be denied and dismissed. See *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638 at *2 (N.D. Tex. Nov. 4, 2009) (citing *Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) ("[F]ederal courts are not personnel directors of state prison systems, and such relief is unattainable in [a Section 1983] action.").

**5. Jackson Parish Correctional Center**

Plaintiff names the Jackson Parish Correctional Center ("JPCC") as a Defendant. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Correctional centers and sheriff departments are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977). As JPCC is not a juridical person, Plaintiff's claims against it should be dismissed.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Lyndell Joseph's claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 10th day of April, 2018.

_____
Karen L Hayes, U.S. Magistrate Judge